# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:03-CR-81 |
| v. § | Judge Mazzant |
| § | |
| MONTY MARCELLUS SHELTON § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Home Confinement (Dkt. #97). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion must be **DENIED**.

### BACKGROUND

On September 16, 2003, a jury convicted Defendant Monty Marcellus Shelton ("Shelton") of one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and two counts of Receipt of a Firearm While Under Indictment, in violation of 18 U.S.C. § 922(n). The Court sentenced Shelton to a total of 405 months' imprisonment with the three counts running concurrently (Dkt. #54). On October 6, 2015, the Court reduced Shelton's sentence to 262 months due to a retroactive change in the sentencing guidelines (Dkt. #74). Shelton is serving his sentence at FCI Bastrop. *See* https://www.bop.gov/inmateloc/ (Register Number: 10426-078). The Bureau of Prisons ("BOP") projects he will be released on November 9, 2021. *Id.* Shelton has served over 95% of his sentence. *Id.*

On November 6, 2020, Shelton moved the Court to place him in home confinement for the remainder of his sentence (Dkt. #89). On December 8, 2020, the Court denied Shelton's motion because he did not exhaust his administrative remedies (Dkt. #91). On December 28, 2020, Shelton renewed his motion (Dkt. #92). The Court similarly denied Shelton's motion for failure

to provide evidence of his request to the warden for relief (Dkt. #94). On March 1, 2021, Shelton again moved the Court to place him in home confinement for the remainder of his sentence (Dkt. #97). The Government filed a response in opposition to Shelton's first two motions, but did not file a response Shelton's most recent request (Dkt. #90, 93).

## LEGAL STANDARD

Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the Bureau of Prisons") (citing 18 U.S.C. § 3624(c)).

## ANALYSIS

Shelton seeks home confinement based on his painful hernia, age, rehabilitation, and ailing mother, arguing these circumstances constitute "extraordinary and compelling reasons" to grant him home confinement. Shelton also argues he is entitled to home confinement credit under the First Step Act, which the BOP refuses to acknowledge. The Government argues the Court lacks authority to grant home confinement and Shelton has not exhausted his administrative remedies for compassionate release.

The Court finds Shelton's motion should be denied. First, the BOP has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(b); *see also United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement."). Thus, the Court is unable to order home confinement. Second, even construing Shelton's motion as a request for a sentence reduction, Shelton failed to exhaust his administrative remedies with the warden. Courts may not consider a modification to a defendant's sentence under

2

§ 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A).  This requires a denial by the warden of a defendant's facility or waiting thirty days without receiving a response to a request to the warden. *Id.*  Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . .").  Shelton has not provided evidence that he requested compassionate release from the warden at CI North Lake. Shelton provided evidence he requested home confinement from staff at the facility, but this is insufficient to satisfy the exhaustion requirement.

The Court is unable to grant home confinement to any prisoner.  The Court may grant a sentence reduction in limited circumstances when "extraordinary and compelling reasons" exist, e.g. a serious medical condition, but only after a prisoner first requests relief from their facility. Shelton has not requested relief from the warden, so his motion must be denied.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Home Confinement (Dkt. #97) is hereby **DENIED**.

**SIGNED this 27th day of April, 2021.**

*[signature]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] If Shelton seeks to challenge the BOP's calculation of his home confinement credit, the proper mechanism is a habeas corpus petition under 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Shelton is incarcerated at CI North Lake, in the Western District of Michigan, not in the Eastern District of Texas. *See* https://www.bop.gov/inmateloc/ (Register Number: 10426-078).